(100 South. 100)

FRIBUSH et al. v. FRIEDMAN.   (6 Div. 96.)

(Supreme Court of Alabama. April 24, 1924.)

1. Sales ⬖53(3)—Seller's fraud inducing purchaser not to rescind held not established.

In action for purchase price of merchandise, seller's alleged fraudulent representations as to market conditions, inducing defendant not to exercise a contractual right to cancel and rescind, *held* insufficiently established to warrant denial of the affirmative charge as to such issue.

―――――――――――――――――――――――――――――――――――――――――――――――

⬖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Appeal and error ⬤1040(13)—Overruling demurrer to plea which amounted to but plea of general issue held not prejudicial.**

Overruling demurrer to defendant's plea which amounted to but plea of general issue *held* not prejudicial.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action on common counts by Meyer Fribush and others against D. Friedman. From judgment in insufficient amount, plaintiffs appeal. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Ritter, Wynn & Carmichael, of Birmingham, for appellants.

The general charge for plaintiffs as to plea 2A should have been given. Pleas 4A and 5A were defective. 4 Michie's Ala. Dig. 630.

Beddow & Oberdorfer, of Birmingham, for appellee.

A general demurrer is insufficient to raise the question of a defect in a pleading. Smith v. Davenport, 12 Ala. App. 456, 68 South. 545; Cooper v. Slaughter, 175 Ala. 211, 57 South. 477; B. R., L. & P. v. O'Brien, 185 Ala. 617, 64 South. 343; Central Lumber & Timber Co. v. McClure, 180 Ala. 606, 61 South. 821; Deslandes v. Scales. 187 Ala. 25, 65 South. 393; Gulf City Boiler Co. v. Falligant, 6 Ala. App. 178, 60 South. 510.

GARDNER, J. Suit by appellants against appellee on common counts to recover the purchase price of certain merchandise, amounting in the aggregate to $2,018.75. From a judgment in favor of the plaintiffs for only $987.01, the plaintiffs have prosecuted this appeal.

There appears to have been no controversy as to the goods furnished or the price to be paid therefor, and the amount of recovery was evidently reduced by the jury upon consideration of the pleas of recoupment and set-off interposed by the defendant. Plea 2a is a plea in recoupment. We construe this plea just as the plaintiffs construed it, and find ourselves in accord with the contention of counsel for appellants as to the refusal of the affirmative charge requested thereto. This plea alleges that this cause of action arose from the purchase of certain suits and cloaks for ladies on March 2 and 3, 1920, for delivery May 15 and June 1, 1920, with the agreement that at any time prior to the date of shipment, to wit, prior to May 15 and June 1, 1920, the defendant reserved the right to cancel said order; that a large portion of the goods were shipped prematurely, plaintiffs knowing that the market was falling, and upon defendant protesting, induced defendant to forbear cancellation of said order by falsely and fraudulently representing to defendant that the prices had not dropped and would not do so, although there had been a decline of 40 per cent. in the market, all of which the plaintiffs well knew.

The gravamen of this plea is that the plaintiffs fraudulently deprived the defendant of his contract right to rescind or cancel the order for goods, and that the defendant was induced to forbear the exercise of such right by reason of plaintiffs' fraudulent representations.

It is insisted by counsel for appellants that as a matter of fact the defendant did, under the undisputed evidence in the case, exercise his right of cancellation and make changes in the orders. Upon cross-examination the defendant does state (speaking of these orders and the changes made in reference thereto) that "he canceled out some of them, and some of them I [he] increased * * * some orders were enlarged and some cut out entirely, and some reduced."

It may be questioned, however, that the affirmative charge was due the plaintiff upon this plea upon the theory that defendant exercised his right of cancellation, for the reason that it might be open for the jury to find the defendant would have exercised the right more freely and to a greater extent.

Under this plea, however, the fraudulent representations of the plaintiffs constituted its very foundation. We are persuaded on examination of this record that this charge of fraud depends for its proof upon a letter written by plaintiffs to the defendant from Baltimore on June 18, 1920, in which the plaintiffs insisted that the coats bought could not be purchased "any cheaper—in fact, some of them had advanced, and that it was only newspaper talk that caused people to believe merchandise had declined; that there had in fact been no decline in piece goods and labor, and that labor was advancing." To revert to the allegations of the plea, it is to be noted that the right of cancellation was a contract right, and one to be exercised by the defendant at his own option. It bore no relation to a rescission of the order for cause—a right which would arise by law—and it is expressly averred that it related to the right to cancel the order at any time prior to May 15th and June 1st, which were to be the dates of shipment. Clearly, the fact that a large portion of the goods were prematurely shipped could have no effect upon this contract right, either limiting or extending the same. During that period no fraudulent representations on the part of the plaintiffs are shown, and in the very nature of things the fraud relied upon cannot be rested upon the letter of June 18th.

[1] The argument of counsel for appellee in regard to the right of defendant to return the goods after their receipt within a reasonable time evidently rests upon the doctrine of rescission above referred to. It is

no answer, however, to the question here under consideration, which relates solely to a contract right to cancel the order by a given date. We are therefore, of the opinion that the defendant has failed to show any fraudulent representations inducing him to abandon the contract right set up in plea 2a, and that affirmative charge as to this plea should have been given, as requested by the plaintiffs.

Plea 4a is a plea of set-off. It sets up, in substance, the sale of certain goods by plaintiffs to the defendant in March, 1918, the sale being by sample and an implied agreement that the goods would correspond with the sample in quality, style, and workmanship; that about half the quantity of goods was delivered, but that said goods did not correspond with the sample in quality, style and workmanship, being greatly inferior, to defendant's damage. This plea was not subject to any assignment of demurrer interposed thereto. McCaa v. Elam Drug Co., 114 Ala. 74, 21 South. 479, 62 Am. St. Rep. 88.

We are of the opinion the evidence was sufficient for submission of the issue of fact there presented to the jury for determination, and that the affirmative charge was properly refused as to said plea.

Plea 5a is also a plea in set-off, and rests upon the transaction of March, 1918, alleging a failure to deliver a large portion of the goods ordered and an advance in price, to the defendant's damage. The observations as to plea 4a are likewise applicable to this plea.

[2] The only criticism as to plea 6a by counsel for appellants is that in fact it is but a plea of general issue, and clearly plaintiffs suffer no injury by the court overruling the demurrer to such a plea, which only presents the general issue.

For the error indicated, in refusing the affirmative charge as to plea 2a, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.